Charles Deng Acupuncture, P.C., as Assignee of Beverly Charles, Appellant,
against
21st Century Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 3, 2015. The order, insofar as appealed from, granted defendant's motion to dismiss the complaint for plaintiff's failure to provide discovery, pursuant to an order of the same court (Richard G. Latin, J.) entered July 28, 2014, to the extent of directing plaintiff to serve responses to certain enumerated demands within 60 days.




ORDERED that the order entered February 3, 2015, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant, on December 5, 2013, served an answer and demands for discovery including "supplemental combined demands." Plaintiff did not provide the requested discovery but, instead, moved for summary judgment. Thereafter, defendant cross-moved, among other things, to dismiss the complaint pursuant to CPLR 3126, or, in the alternative, to compel plaintiff to respond to the discovery demands. Plaintiff served papers in opposition to defendant's cross motion, which included incomplete responses to the discovery demands. By order entered July 28, 2014, the Civil Court (Richard G. Latin, J.) granted defendant's cross motion to the extent of directing plaintiff to provide responses to the "supplemental combined demands" within 60 days. The order and notice of its entry were served on plaintiff's counsel on August 5, 2014. Plaintiff did not serve the ordered discovery responses but, instead, served a notice of trial and certificate of readiness, which defendant's attorneys received approximately one week later, on August 13, 2014.
Defendant then moved, pursuant to CPLR 3126, to dismiss the complaint, or, in the alternative, to vacate the notice of trial and certificate of readiness, or, in the alternative, to direct plaintiff to provide discovery responses, in accordance with the Civil Court's July 28, 2014 order. Plaintiff opposed the motion and annexed responses which consisted primarily of objections to the "supplemental combined demands." Plaintiff appeals from so much of an order of the Civil Court (Jodi Orlow, J.) entered February 3, 2015 as granted defendant's motion to the extent of directing plaintiff to provide, within 60 days, responses to certain enumerated discovery demands and stated that the action would be dismissed based upon an affirmation of noncompliance by defense counsel.
Since the demands for discovery were served on plaintiff's counsel on December 5, 2013 [*2]and plaintiff did not challenge the propriety of the demands within the time prescribed by CPLR 3122 (a), plaintiff is obligated to produce the information sought by defendant except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; AVA Acupuncture, P.C. v AutoOne Ins. Co., 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Plaintiff has failed to establish that the discovery demands at issue seek information which is palpably improper or privileged. In light of the foregoing and the Civil Court order entered July 28, 2014, and as plaintiff's remaining contentions lack merit, we find no basis to disturb the February 3, 2015 order, insofar as appealed from.
Accordingly, the order, insofar as appealed from, is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: February 08, 2017